CHRISTOPHER J. KERLEY, WSBA #16489
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
Telephone (509) 455-5200
Fax (509) 455-3632
ckerley@ecl-law.com
*Among Attorneys for Defendants*

D. R. (ROB) CASE, WSBA #34313
Larson Berg & Perkins PLLC
105 North Third Street
Yakima, WA  98901
Telephone (509) 457-1515
Fax (509) 457-1027
Rob@LBPlaw.com
*Among Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SELAH ALLIANCE FOR EQUALITY, COURTNEY HERNANDEZ, REV. DONALD DAVIS JR., LAURA PEREZ, ANITA CALLIHAN, KALAH JAMES, CHARLOTTE TOWN, AMANDA WATSON, and ANNA WHITLOCK,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SELAH; SHERRY RAYMOND, in her official capacity as Mayor of the City of Selah; and DONALD WAYMAN, in his official capacity as City Administrator for the City of Selah,<br><br>Defendants. | Case No. 1:20-cv-3228<br><br>ANSWER AND AFFIRMATIVE DEFENSES |

Defendants CITY OF SELAH, SHERRY RAYMOND and DONALD WAYMAN (collectively, "Defendants"), through their undersigned counsel, answer Plaintiffs' Complaint as follows: (ECF No.1).

## I.  INTRODUCTION[1]

1.    Defendants admit the allegations within the first two sentences of paragraph 1 of the Complaint.  Defendants deny the allegations within the third sentence of said paragraph, both as those allegations are phrased and on the ground that such allegations constitute legal conclusions.  Defendants deny all allegations within the fourth/final sentence of said paragraph.[2]

---

[1] Defendants object generally to the lengthy "Introduction" contained in Plaintiffs' Complaint on the ground that it violates FRCP 8(a)'s requirement that a complaint (claim for relief) be limited to a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought.  Without waiving the objection, in order to place the allegations contained in the "Introduction" into context, Defendants have answered the same.

[2] Defendants acknowledge that the words set forth at page 2, line 25 through page 3, line 8 of the Complaint accurately summarize the Plaintiffs' position.

ANSWER AND AFFIRMATIVE DEFENSES - 2

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

2.      Defendants deny the allegations within the first sentence of paragraph 2 of the Complaint.  With regard to the allegations within the second/final sentence of said paragraph, Defendants admit that George Floyd died in May 2020 and that many people engaged in "expressive actions" following his death, with the qualification that, in numerous situations throughout the nation, those "expressive actions" included riots, violence, property damage, disobedience and defiance of law enforcement and other criminal and immoral acts.  Defendants admit that Black people and people of color sometimes face discrimination in America.  But Defendants deny as vague and overbroad the allegation that all Black people and people of color face "daily systemic injustices" in America, and Defendants further allege that the phrase/concept of "systemic injustice" is vague and nebulous and, accordingly, allegations of alleged "systemic racism" and "systemic injustice" defy any meaningful response.  Defendants deny they have inflicted any injustice against any Plaintiff, any Black person, or any person of color.  Finally, Defendants deny that the newspaper article and polling data cited in said paragraph are, individually or collectively, valid proof of anything or legally relevant in any way to this case.

―――――――――――――――

However, Defendants deny the allegations that are embedded in such summary including but not limited to the notion that any "violations" have occurred.

ANSWER AND AFFIRMATIVE DEFENSES - 3

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

3.      With regard to the allegations within paragraph 3 of the Complaint, Defendants admit that since May 2020 people have engaged in protests in Selah and have marched, created chalk drawings and writings on streets and sidewalks and other locations, and have submitted comments relative to City Council meetings.  Answering further, Defendants acknowledge that most of those protests have been peaceful but allege that property damage, threats of violence and criminal acts have occurred during some of the protests.  Defendants deny that "hundreds of residents" have participated in protests in Selah since May 2020. Rather, Defendants allege that the cumulative figure is less than 200 and many, and perhaps most, of the participants were not residents of the City of Selah. Defendants deny that all of such chalk drawings and writings were "artwork" and allege that many were profane messages, hateful messages and entirely non-artistic.  Defendants allege that many comments that have been submitted relative to City Council meetings since May of 2020 violated the City's established rules of decorum.  Finally, Defendants deny all other allegations within said paragraph and deny that the chalk events have any legal relevance to this case.

4.      Defendants deny all allegations within paragraph 4 of the Complaint. Answering further, Defendants acknowledge that the City utilized a street sweeper-type device to clean chalk from a City street on a few occasions since May 2020 because, as a practical matter, the large scale and voluminous amount

ANSWER AND AFFIRMATIVE DEFENSES - 4

of chalk on such street necessitated the use of that equipment.  Defendants deny that such device was used as a "response" to any protest, march or public comment(s) submitted relative to a City Council meeting, and deny that it was used because of any supposed hostility toward anyone or any message.  Finally, Defendants deny that the City has any hostility toward any message or any activist, deny that such supposed hostility is what garnered national attention, and deny that the newspaper article cited in such paragraph is legally relevant in any way to this case.

5.      Defendants presently lack sufficient information to assess the relative truth or falsity of the allegations within the first sentence of paragraph 5 of the Complaint.  Accordingly, Defendants deny all allegations within said sentence.  With regard to the allegations within the second sentence of said paragraph, Defendants presently lack sufficient information to assess the relative truth or falsity of the allegation that S.A.F.E. is a "grassroots community-led organization".  Accordingly, Defendants deny such allegation.  Defendants deny that the professed members of S.A.F.E. have solely sought to "spread the message of anti-racism and equality throughout the City" and, instead, allege that some apparent members have spread hateful messages and engaged in criminal acts.  Defendants deny that the City tacitly supports racial animus or antagonism, deny that the City has somehow failed to protect its citizens, and deny that Defendants

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

have a legal obligation or practical capacity to ensure that no one ever experiences any racial animus or antagonism.  Finally, Defendants deny all allegations within the third/final sentence of said paragraph and deny all other allegations within said paragraph.

6.    With regard to the allegations within paragraph 6 of the Complaint, Defendants admit that professed members of S.A.F.E. have, since May 2020, likely held public events, likely submitted public comments relative to City Council meetings, and likely placed various types of signs at locations in Selah. However, Defendants allege that S.A.F.E. is an unincorporated association that has never provided Defendants with a list of its purported members and that certain professed members of S.A.F.E. have made conflicting statements as to who exactly is and is not a member of S.A.F.E.  Answering further, Defendants deny as vague the allegation that any of S.A.F.E.'s signs were, on their face, objectively "anti-racism signs".  Some of S.A.F.E.'s signs included the words "Black Lives Matter" or the letters "BLM", but the meaning of those words and letters is not an objective fact.  Defendants admit that campaign-size signs calling for Defendant Wayman to be fired have been placed at locations in Selah and that it is likely that professed members of S.A.F.E. were the people who placed those particular campaign-size signs.  In addition, flyer-style signs were also placed at locations in Selah that included messages accusing Defendant Wayman of being a pedophile

and expressing other personal attacks against and toward Defendant Wayman and Defendant Raymond, and it is likely that professed members of S.A.F.E. were the people who placed those flyer-style signs as well. Defendants admit that some of S.A.F.E.'s campaign-size signs were placed in city-owned rights-of-way and, for a brief period, were alongside and amidst actual political campaign signs in those locations. However, the 2020 campaign season has concluded, all actual campaign signs have since been removed, and S.A.F.E.'s campaign-size signs have continued to be placed in city-owned rights-of-way. The law does not require Defendants to be omnipresent and there are occasions when an improper sign, whether by S.A.F.E. or someone else, is not noticed by Defendants for a period of time. However, Defendants always endeavor to act consistently and whenever an improper sign is discovered they promptly remove it. S.A.F.E.'s signs have not been singled out for, and have not received, any selective adverse treatment from Defendants. Finally, Defendants deny all other allegations within said paragraph 6.

7.    Defendants admit the allegations within paragraph 7 of the Complaint, with the qualifications that Defendant Raymond and Defendant Wayman removed S.A.F.E's signs on only a few occasions, that the initial instances when they did so occurred prior to anyone challenging the constitutionality of the City's sign code, that Defendants returned to Plaintiffs all

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

but approximately 15 of the S.A.F.E. signs that Defendants initially removed, that those approximately 15 S.A.F.E. signs were permanently disposed of by Defendant Wayman prior to anyone challenging the constitutionality of the City's sign code, that any S.A.F.E. signs that have been removed more recently by Defendants have either been returned to Plaintiffs or are being held for Plaintiffs to come and pick up, and that, in all instances, Defendants were acting based on legal advice including but not limited to advice from the City's prosecuting attorney.  The past and continued placement of S.A.F.E.'s signs on city-owned rights-of-way has and does violate the written text of Selah Municipal Code Chapter 10.38.  However, prior to this lawsuit being filed, the City notified S.A.F.E.'s attorneys that the City would not seek to impose any penalty against anyone for the past or continued placement of S.A.F.E. signs on city-owned rights-of-way and that Selah would likely amend its sign code in early 2021. Nevertheless, Plaintiffs filed this lawsuit.  Finally, Defendants deny any liability or wrongdoing.

8.    With regard to the allegations within paragraph 8 of the Complaint, Defendants admit that certain people raised concerns that Defendants were being selective as to enforcement of the City's sign code.  However, Defendants deny that S.A.F.E.'s signs have ever been singled out for, or actually received, any selective adverse treatment from Defendants.  Continuing further, Defendants

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

deny that they have been selective and deny that other signs that violate the written text of Selah's sign code were left untouched after Defendants actually learned of the presence of those signs. Defendants admit that during one City Council meeting, Defendants informed the public that signs that violate the written text of Selah's sign code would continue to be removed by the City. Defendants allege that when these remarks were made, no one had yet challenged the constitutionality of the City's sign code and that Defendants were relying on legal advice including but not limited to advice from the City's prosecuting attorney. Finally, Defendants deny all other allegations within said paragraph including but not limited to all allegations within the second/final sentence of said paragraph.

9.    Defendants acknowledge that paragraph 9 of the Complaint accurately summarizes the Plaintiffs' position. However, Defendants deny all allegations embedded within such summary including but not limited to the allegations that Defendants have a policy, practice and custom of silencing speech that promotes racial equality, deny that the professed members of S.A.F.E. have solely spoken messages of "racial equality", and deny for lack of knowledge that any Plaintiff has suffered any "injury" within the meaning of the law.

10.    Defendants admit the allegations within paragraph 10 of the Complaint including but not limited to the fact that the existing text of Chapter 10.38 of the Selah Municipal Code constitutes an unconstitutional content-based

ANSWER AND AFFIRMATIVE DEFENSES - 9

restriction on the placement of signs.  Answering further, this is why the City is planning to amend its sign code in early 2021.  When the City does amend its sign code, several aspects of this lawsuit will be rendered moot.  Finally, with regard to the allegations within the second/final sentence of said paragraph, Defendants admit that they were relying upon the (now-known-to-be unconstitutional) content-based restrictions within the City's sign code when they removed S.A.F.E.'s signs from city-owned rights-of-way on the few occasions referenced above.  However, Defendants deny that such (now-known-to-be unconstitutional) content-based restrictions are the reason S.A.F.E.'s signs have been removed from city-owned rights-of-way more recently by any Defendant(s).  Rather, recent removals of S.A.F.E.'s signs by any Defendant(s) from city-owned rights-of-way have occurred due to other aspects of the City's sign code that are fully constitutional and that Plaintiffs do not challenge as supposedly unconstitutional.  After the conclusion of campaign season, no temporary signs – irrespective of content – are allowed on city-owned rights-of-way under the legitimately-constitutional aspects of the City's sign code and irrespective of the (now-known-to-be unconstitutional) content-based restrictions.

11.    Defendants deny all allegations within paragraph 11 of the Complaint.  Answering further, Defendants allege that they have never singled out, or actually imposed, any selective adverse treatment on or toward S.A.F.E.'s

ANSWER AND AFFIRMATIVE DEFENSES - 10

signs.  Continuing further, Defendants allege that other signs that violate the written text of Selah's sign code were not left untouched after Defendants actually learned of the existence of those signs, that Defendants have never expressed or acted upon any "open opposition to S.A.F.E.'s [professed] mission", that Defendants have never "targeted" any person during an open public meeting, and that Defendants have never been motivated by malicious intent or acted with reckless and callous indifference to Plaintiffs' constitutional rights.  To the contrary, once Plaintiffs' lawyers raised constitutional objections to Selah's sign code, all Defendants ceased removing S.A.F.E.'s signs from city-owned rights-of-way until after the 2020 campaign season ended.  It was only after the 2020 campaign season ended and S.A.F.E. signs continued to be placed in city-owned rights-of-way that any Defendant(s) began again removing S.A.F.E.'s signs and all of those recently-removed signs have either been returned to Plaintiffs or are being held for Plaintiffs to come and pick up.

12.    Defendants deny all allegations within paragraph 12 of the Complaint.  Answering further, Defendants allege that none of them has ever "retaliated" against any Plaintiff or engaged in "harassment" toward any Plaintiff. Defendants acknowledge that Defendant Raymond criticized the actions and comments of a few people during one particular City Council meeting.  However, those individuals were not "Plaintiffs" at the time, their actions and comments

ANSWER AND AFFIRMATIVE DEFENSES - 11

were deserving of criticism, and there was nothing wrong with Defendant Raymond criticizing such actions and comments.  Likewise, there was nothing wrong about the City erasing chalk from streets, sidewalks and public buildings, irrespective of whether any portion of that chalk was supposedly "art containing messages in support of the Black Lives Matter movement".  Finally, there was nothing wrong about Defendants refusing to publicly read aloud comments submitted relative to City Council meetings when those comments violated the City's established rules of decorum.

13.    With regard to the allegations within paragraph 13 of the Complaint, Defendants admit that COVID-19 continues to impact the nation including Yakima County.  Defendants deny all other allegations in said paragraph. Answering further, Defendants allege that Plaintiffs' subjective belief that something is "safer" does not actually establish or convey any special rights to Plaintiffs, that the City has not made "efforts to censor S.A.F.E.'s expression", that any comments submitted by professed S.A.F.E. members that were not read aloud during a City Council meeting were found to be in violation of the City's established rules of decorum, that Plaintiffs have continued to have in-person gatherings and marches and meetings despite COVID-19, that Defendants have not imposed any selective adverse treatment on or toward S.A.F.E.'s signs, that the S.A.F.E. signs that Defendants have removed from city-owned rights-of-way

did not contain "political messages", and that Defendants have not "encouraged private citizens" to remove S.A.F.E.'s signs. Finally, Defendants deny for lack of knowledge the allegations made regarding the study referenced in footnote 3.

## II. PARTIES

14. Defendants presently lack sufficient information to assess the relative truth or falsity of the allegations within the initial two sentences in paragraph 14 of the Complaint. On such basis, Defendants deny all allegations within said sentences. Answering further, Defendants allege that S.A.F.E. is an unincorporated association of unknown origin and composition that has never provided Defendants with a list of its purported members and that certain professed members of S.A.F.E. have made conflicting statements as to who exactly is and is not a member of S.A.F.E. With regard to the allegations in the third/final sentence of said paragraph, Defendants admit that professed members of S.A.F.E. have, since May 2020, likely purchased signs and placed those signs at locations in Selah, and that some of those signs have included messages that personally assail Defendant Wayman. However, Defendants deny that Defendant Wayman has "openly opposed allowing citizens to voice their support of the Black Lives Matter movement in Selah." To the contrary, Defendants allege there have been more than 10 protests/marches in Selah since May 2020 by supporters of the Black Lives Matter movement, that Defendant Wayman has not attempted to

ANSWER AND AFFIRMATIVE DEFENSES - 13

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

prevent or disrupt any of those protests/marches, that a limited number of people in Selah have also expressed their support for the Black Lives Matter movement via other methods since May 2020 including but not limited to online posts and in-person communications with members of the City Council and the Mayor, and that Defendant Wayman has not attempted to prevent or disrupt any of those other methods of speech. Finally, Defendants allege that professed members of S.A.F.E. have not solely sought to "advance equality and inclusion" and, instead, allege that some members have spread hateful messages and engaged in criminal acts.

15.    Defendants acknowledge that the allegations within paragraph 15 of the Complaint accurately summarize the Plaintiffs' position. However, Defendants deny that S.A.F.E. has proper legal standing to be a party to this lawsuit on its own account or to act as a representative party for its professed members. Defendants also deny that any Plaintiff has suffered any injury within the meaning of the law.

16.    Defendants presently lack sufficient information to assess the relative truth or falsity of the allegations within paragraph 16 of the Complaint. Accordingly, Defendants deny all allegations within said paragraph.

17.    Defendants admit the allegations contained in the first sentence of paragraph 17 of the Complaint. Defendants presently lack sufficient information to assess the relative truth or falsity of the allegations within the fourth, fifth, sixth

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

and seventh/final sentences of said paragraph.  Accordingly, Defendants deny all allegations within said sentences.  Defendants deny all allegations in the second sentence of said paragraph.  With regard to the allegations within the third sentence of said paragraph, Defendants admit that the City of Selah's then-Chief of Police sent a letter in June 2020 to the house where Plaintiff Laura Perez resides.  However, Defendants deny Plaintiffs' characterization of such letter and allege that the letter effectively speaks for itself.  Answering further, Defendants allege that any alleged artistic quality of chalk drawings in a public street is legally irrelevant and that creation of the chalk drawings in the public street near Plaintiff Laura Perez' house constituted an illegal act.  Finally, Defendants allege that Plaintiff Perez' alleged subjective beliefs have no legal relevance to this case.

18.    Defendants admit the allegations within the first sentence of paragraph 18 of the Complaint.  Defendants presently lack sufficient information to assess the relative truth or falsity of the allegations within the remaining sentences of said paragraph.  Accordingly, Defendants deny all allegations within said sentences.   Answering further, Defendants allege that what allegedly "resonated" with Plaintiff Anita Callahan has no legal relevance to this case.

19.    Defendants presently lack sufficient information to assess the relative truth or falsity of the allegations within paragraph 19 of the Complaint. Accordingly, Defendants deny all allegations within said paragraph.  Answering

ANSWER AND AFFIRMATIVE DEFENSES - 15

further, the subjective beliefs and feeling of the Plaintiffs, including whether any issue is "particularly important" to Plaintiff Kalah James and how she "feels" and what she is allegedly "concerned" about are of no legal relevance to this case. Finally, Defendants deny the embedded allegation within the final sentence of paragraph 19 because the City has not had, or acted upon, any "determination to quash messages of equality".

20.    Defendants presently lack sufficient information to assess the relative truth or falsity of the allegations within paragraph 20 of the Complaint. Accordingly, Defendants deny all allegations within said paragraph.  Answering further, Defendants allege that Plaintiff Donald J. Davis Jr.'s subjective feelings and beliefs have no legal relevance to this case.  Likewise, without in any way discounting or diminishing Plaintiff Davis' memories and experiences growing up in New Orleans, they have no legal relevance to this case.

21.    Defendants presently lack sufficient information to assess the relative truth or falsity of the allegations within the first, second, third, fourth, and seventh/final sentences in paragraph 21 of the Complaint.    Accordingly, Defendants deny all allegations within said paragraph.  With regard to the allegations within the fifth and sixth sentences of said paragraph, Defendants admit that Plaintiff Charlotte Town met with Defendant Raymond on one occasion and also met with City Council members Russ Carlson and Jacquie Matson on

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

multiple occasions.  Answering further, Defendants allege that Plaintiffs alleged subjective intentions and concerns have no legal relevance to this case.  Finally, Defendants deny the embedded allegation within the seventh/final sentence of said paragraph because the City has neither attempted to silence S.A.F.E. nor attempted to eliminate messages in support of racial equality.

22.    Defendants presently lack sufficient information to assess the relative truth or falsity of the allegations within paragraph 22 of the Complaint. Accordingly, Defendants deny all allegations within said paragraph.  Answering further, Defendants allege that the Plaintiffs' alleged subjective motives have no legal relevance to this case.

23.    Defendants admit the allegations in the first sentence of paragraph 23 of the Complaint.  Defendants presently lack sufficient information to assess the relative truth or falsity of the allegations within the remaining sentences of said paragraph.  Accordingly, Defendants deny all allegations within said remaining sentences.  Answering further, Defendants allege that the alleged subjective impact of S.A.F.E.'s purported message has no legal relevance to this case.

24.    Defendants admit the allegations within paragraph 24 of the Complaint.

25.    Defendants admit the allegations within paragraph 25 of the

ANSWER AND AFFIRMATIVE DEFENSES - 17

Complaint.

26.    Defendants admit the allegations within paragraph 26 of the Complaint.

27.    Defendants mostly admit the allegations within paragraph 27 of the Complaint, provided, however, that they deny that any Plaintiff has been "deprived" of any rights.

28.    Defendants admit the allegations within paragraph 28 of the Complaint.

29.    Defendants mostly admit the allegations within paragraph 29 of the Complaint, provided, however, that they deny that many of the alleged "events" actually occurred.

30.    With regard to the allegations within paragraph 30 of the Complaint, Defendants admit that George Floyd died while in police custody in Minneapolis in May 2020, that the other individuals mentioned in said paragraph preceded Mr. Floyd in death, that many people engaged in protests and demonstrations and mourning following Mr. Floyd's death, and that much of such has occurred under the name of Black Lives Matter.  Answering further, Defendants allege that in numerous situations throughout the nation, this "activism and community expression" included riots, violence, property damage, disobedience and defiance of law enforcement and other criminal and immoral acts.  Defendants also deny

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

the sweeping allegation that all of the named individuals were "victims" because the word, as used, is overbroad, argumentative, and ignores the specific facts and circumstances of each individual's interaction with law enforcement.[3]

31.    With regard to the allegations within the first sentence of paragraph 31 of the Complaint, Defendants admit that since May 2020 people have engaged in protests in Selah and that most of such protests have been peaceful.  However, Defendants allege that property damage, threats of violence and criminal acts have occurred during some of the protests.  Defendants deny that "hundreds of residents" have participated in protests in Selah since May 2020.  Rather, Defendants allege that the cumulative figure is less than 200 and many, and perhaps most, of them are not residents of the City of Selah.  With regard to the allegations within the second/final sentence of said paragraph, Defendants admit that a march occurred in Selah on June 6, 2020, and that it is likely that Plaintiff

---

[3] With regard to the allegations within subheading "A." on page 12 of the Complaint, Defendants admit that some professed members of the Black Lives Matter movement have expressed messages of anti-racism.  However, Defendants deny that professed members in Selah have solely expressed messages of anti-racism and allege that some have expressed hateful messages and engaged in criminal acts.

ANSWER AND AFFIRMATIVE DEFENSES - 19

Hernandez and a friend organized and participated in such march. Defendants presently lack sufficient information to assess the relative truth or falsity of the allegations within the third sentence of said paragraph. Accordingly, Defendants deny all allegations within said sentence. With regard to the allegations within the fourth/final sentence of said paragraph, Defendants admit that multiple demonstrations have occurred in Selah. However, Defendants deny that demonstrations have occurred each week and deny that the demonstrations solely spoke out against systemic racism or police brutality. Defendants allege that some demonstrators have spoken profane messages, hateful messages and messages that have nothing to do with so-called systemic racism or police brutality. Defendants further allege that the phrase/concept of "systemic injustice" is vague, nebulous, and undefined, and, as such, defies a meaningful response. Finally, Defendants deny that the newspaper article cited in footnote 4 to said paragraph is legally relevant in any way.[4]

32.    With regard to the allegations within paragraph 32 of the Complaint, Defendants deny Plaintiffs' characterization of such Facebook post and allege that the Facebook post effectively speaks for itself. Answering further, Defendants

---

[4] Defendants deny the allegations within subheading "B." on page 13 of the Complaint.

ANSWER AND AFFIRMATIVE DEFENSES - 20

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

deny that the Facebook post by Yakima Assistant Mayor Holly Cousens accurately summarized Defendant Wayman's remarks, deny that such post has any legal relevance to this case, and deny that the remarks by Defendant Wayman addressed within such Facebook post have any legal relevance to this case.  Defendants further allege that Defendant Wayman's remarks were his personal opinions and that he was not speaking on behalf of the other Defendants.  Finally, Defendants deny that the newspaper article cited within said paragraph is legally relevant in any way.

33.    With regard to the allegations within paragraph 33 of the Complaint, Defendants deny Plaintiffs' characterization of such Facebook post and allege that the Facebook post effectively speaks for itself.  Answering further, Defendants deny that the Facebook post by Selah City Councilmember Kevin Wickenhagen is legally relevant in any way to this case.

34.    With regard to the allegations within paragraph 34 of the Complaint, Defendants admit that a small number of Selah residents have voiced support of the Black Lives Matter movement, that some of them have created chalk drawings and writings on streets and sidewalks and other locations, and that City employees have washed chalk away from City streets and sidewalks including via the use of a pressure washer on a few occasions.  However, Defendants deny that the City has ever publicly opposed the Black Lives Matter movement, deny that all or even

ANSWER AND AFFIRMATIVE DEFENSES - 21

most Selah citizens support such movement, deny that all of the chalk drawings and writings were "artwork" and allege that many were profane messages, hateful messages and entirely non-artistic. Defendants also deny that the supposed "artistic quality" of the chalk drawings and writings has any legal relevance to this case, deny they refused to have discussions with Plaintiffs, deny that they have a legal duty to "embrace" the message of any group including Plaintiffs', and deny that the pressure washer was used as a "response" to the content of any chalk drawings and writings and, rather, allege it was used simply for its utility as a cleaning implement. Finally, Defendants deny that the chalk drawings and writings are legally relevant in any way in this case.

35.    With regard to the allegations within the first sentence of paragraph 35 of the Complaint, Defendants presently lack sufficient information to assess the relative truth or falsity of whether Plaintiff Perez personally witnessed the City clean away chalk from its streets and sidewalks. Accordingly, Defendants deny such allegation. Defendants deny that all of the chalk drawings and writings were "artwork" and allege that many were profane messages, hateful messages and entirely non-artistic. Defendants also deny that the chalk writings and drawings are legally relevant in any way to this case. With regard to the allegations within the second sentence of said paragraph, Defendants admit that the City of Selah's then-Chief of Police sent a letter in June 2020 to the house where Plaintiff Laura

ANSWER AND AFFIRMATIVE DEFENSES - 22

Perez resides.  However, Defendants deny that such letter has any legal relevance to this case, deny Plaintiffs' characterization of such letter and allege that the letter effectively speaks for itself.  With regard to the allegations within the third/final sentence of said paragraph, Defendants admit that Plaintiffs' counsel sent a letter to the City.  However, Defendants deny Plaintiffs' characterization of such letter and allege that the letter effectively speaks for itself.  Answering further, Defendants deny that the City Attorney "threatened" to criminally prosecute anyone.  To the contrary, Defendants allege that every letter authored by the City Attorney on the topic of chalk expressly stated that the City did not want to prosecute anyone for criminal acts related to chalk, while still accurately explaining why and how creating chalk drawings or writings on City streets constitutes criminal mischief.

36.    With regard to the allegations within the first sentence of paragraph 36 of the Complaint, Defendants admit that supporters of the Black Lives Matter movement have caused, and exacerbated, tension in Selah.  However, Defendants deny that public comments by City officials were the cause of such tension.  Rather, Defendants allege that certain local members of such movement are, and for a period of years have been, consumed with personal animus for and toward the Defendants and that those persons are using S.A.F.E., in whole or in part, as a vehicle for the expression of that personal animus.  With regard to the allegations

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

within the second and third/final sentences of said paragraph, Defendants deny Plaintiffs' characterization of Defendant Wayman's remarks and allege that those remarks effectively speak for themselves.  Answering further, Defendants deny that Defendant Wayman called all members of the Black Lives Matter movement "devoid of intellect and reason" and deny that he characterized all members as a "mob".  Rather, Defendants allege that those remarks by Defendant Wayman were directed toward a small subset of people and that his remarks were his personal opinions based on his research into the genesis, beliefs, motives and methods of Black Lives Matter as an organization and that he was not speaking on behalf of the other Defendants at the time.  Defendants allege that recent events in places like Seattle (and Portland) have not merely been "a series of protests" and allege that those events have not merely led to "confrontations" with police.  To the contrary, repeated and significant riots, violence, property damage, disobedience and defiance of law enforcement and other criminal acts have recently occurred in places like Seattle (and Portland), and those events have resulted in multiple deaths, numerous injured police officers, the destruction of property and other devastating consequences.  Finally, Defendants deny that the newspaper articles cited in said paragraph are, individually or collectively, legally relevant in any way to this case.

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

37.    With regard to the allegations within paragraph 37 of the Complaint, Defendants deny that the City has ever suppressed speech in Selah.  Defendants presently lack sufficient information to assess the relative truth or falsity of the remaining allegations within said paragraph.  On such basis, Defendants deny all such allegations.  Answering further, Defendants allege that professed members of S.A.F.E. have not solely tried to make Selah "a more inclusive and equitable community for all of its residents" and allege that some members have spread hateful messages and engaged in criminal acts.[5]

38.    Defendants presently lack sufficient information to assess the relative truth or falsity of the remaining allegations within paragraph 38 of the Complaint. Accordingly, Defendants deny all such allegations.    Answering further, Defendants allege that professed members of S.A.F.E. have not solely tried to make Selah "a safe place" and allege that some members have spread hateful messages and engaged in criminal acts.

_____

[5] With regard to the allegations within subheading "C." on page 15 of the Complaint, Defendants deny that the City has engaged in "repeated acts of censorship".    Defendants presently lack sufficient information to assess the relative truth or falsity of the remaining allegations within such subheading, and on that basis Defendants deny all such remaining allegations.

ANSWER AND AFFIRMATIVE DEFENSES - 25

39.    With regard to the allegations within paragraph 39 of the Complaint, Defendants admit that professed members of S.A.F.E., on or about June 13, 2020, delivered a lengthy list to the City.  However, Defendants deny Plaintiffs' characterization of the list and allege that the list effectively speaks for itself. Answering further, Defendants deny that such list was presented as "a set of goals and objectives" and instead allege that the list was presented as a set of demands. Defendants deny that the City is racist, deny that the City had any legal obligation to meet any of the demands, deny that the City needs to become more "anti-racist", particularly because the phrase/concept of "anti-racist" is vague, nebulous and undefined and, as such, defies any meaningful response.

40.    Defendants presently lack sufficient information to assess the relative truth or falsity of the allegations within paragraph 40 of the Complaint. Accordingly, Defendants deny all allegations within said paragraph.

41.    With regard to the allegations within the first sentence of paragraph 41 of the Complaint, Defendants admit that it is likely that professed members of S.A.F.E. designed and purchased campaign-size signs on or about August 10, 2020.  However, Defendants allege that S.A.F.E. is an unincorporated association that has never provided Defendants with a list of its purported members and that certain professed members of S.A.F.E. have made conflicting statements as to who exactly is and is not a member of S.A.F.E.  Answering further, Defendants deny

ANSWER AND AFFIRMATIVE DEFENSES - 26

that all of S.A.F.E.'s signs "communicate[d] messages of equality". Defendants admit that some of S.A.F.E.'s signs included the words "Black Lives Matter" or the letters "BLM", but the meaning and message of those words and letters is vague highly subjective and not an objective fact. Also, many of S.A.F.E.'s signs have included the message of "Fire Don Wayman", which is objectively not a message of equality. Defendants admit the allegations within the second, third and fourth sentences of said paragraph. With regard to the allegations within the fifth sentence of said paragraph, Defendants admit that the content of S.A.F.E.'s signs was changed at some point and admit that it is possible that such occurred in October 2020. Finally, Defendants admit the allegations within the sixth/final sentence of said paragraph and also admit that the photographs set forth on pages 17 and 18 of the Complaint are fair and accurate representations of some of S.A.F.E.'s signs.

42.    Defendants presently lack sufficient information to assess the relative truth or falsity of the allegations within paragraph 42 of the Complaint. Accordingly, Defendants deny all allegations within said paragraph.

43.    With regard to the allegations within paragraph 43 of the Complaint, Defendants admit that some of S.A.F.E.'s signs were placed in city-owned rights-of-way on or about August 20, 2020, and admit that it is likely that professed members of S.A.F.E. placed such signs on such date. However, Defendants allege

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

that S.A.F.E. is an unincorporated association that has never provided Defendants with a list of its purported members and that certain professed members of S.A.F.E. have made conflicting statements as to who exactly is and is not a member of S.A.F.E.

44.    With regard to the allegations within paragraph 44 of the Complaint, Defendants admit that some of S.A.F.E.'s campaign-size signs were placed in city-owned rights-of-way and, for a brief period, were alongside and amidst actual campaign signs in those locations.  However, the 2020 campaign season has concluded, all actual campaign signs have since been removed, and S.A.F.E.'s campaign-size signs have continued to be placed in city-owned rights-of-way.  The law does not require Defendants to be omnipresent and there are occasions when an improper sign, whether by S.A.F.E. or someone else, is not noticed by Defendants for a period of time.  However, Defendants always endeavor to act consistently and whenever an improper sign is discovered they promptly remove it.  S.A.F.E.'s signs have not been singled out for, and have not received, any selective adverse treatment from Defendants.  Defendants deny all other allegations within said paragraph.

45.    Defendants deny all allegations within paragraph 45 of the Complaint.  Answering further, Defendants allege that the first time or perhaps first couple times in 2020 that City public works employees removed S.A.F.E.'s

signs from city-owned rights-of-way they did so without any specific direction from Defendant Wayman, Defendant Raymond or any other management-level City employee. Rather, such public works employees removed the signs pursuant to preexisting policy, that was established prior to 2020 and thus prior to S.A.F.E. coming into existence, because the employees were relying upon and seeking to uphold the (now-known-to-be unconstitutional) content-based restrictions within the City's sign code. Subsequently, Defendant Wayman directed the public works employees to cease removing the signs and to instead rely on Defendant Wayman to remove the signs. Defendant Wayman gave this direction so that no public works employee(s) would face personal backlash or retaliation. This occurred prior to anyone challenging the constitutionality of the City's sign code.

Later, once Plaintiffs' lawyers raised constitutional objections to Selah's sign code, all Defendants ceased removing S.A.F.E.'s signs from city-owned rights-of-way until after the 2020 campaign season ended and the City formally notified Plaintiffs' lawyers that the City would not seek to enforce the sign code against S.A.F.E.'s signs during the 2020 campaign season and would amend its sign code in early 2021. It was only after the 2020 campaign season ended and S.A.F.E. signs continued to be placed in city-owned rights-of-way that any Defendant(s) began again removing S.A.F.E.'s signs and all of those recently-removed signs have either been returned to Plaintiffs or are being held for

ANSWER AND AFFIRMATIVE DEFENSES - 29

Plaintiffs to come and pick up.

46.    With regard to the allegations in paragraph 46 of the Complaint, Defendants admit that the S.A.F.E. signs that were removed by public works employees from city-owned rights-of-way on the initial one or two occasions were brought back to the public works office and later returned to Plaintiff Whitlock. Defendants deny the remaining allegations within said paragraph.

47.    Defendants admit the allegations within paragraph 47 of the Complaint.  Answering further, Defendants allege that the few instances where Defendant Wayman removed S.A.F.E.'s signs from city-owned rights-of-way occurred prior to anyone challenging the constitutionality of the City's sign code. Later, once Plaintiffs' lawyers raised constitutional objections to Selah's sign code, all Defendants ceased removing S.A.F.E.'s signs from city-owned rights-of-way until after the 2020 campaign season ended and the City formally notified Plaintiffs' lawyers that the City would not seek to enforce the sign code against S.A.F.E.'s signs during the 2020 campaign season and would amend its sign code in early 2021.  It was only after the 2020 campaign season ended and S.A.F.E. signs continued to be placed in city-owned rights-of-way that any Defendant(s) began again removing S.A.F.E.'s signs and all of those recently-removed signs have either been returned to Plaintiffs or are being held for Plaintiffs to come and pick up.

ANSWER AND AFFIRMATIVE DEFENSES - 30

48.     Defendants admit the allegations within paragraph 48 of the Complaint.     Answering further, Defendants allege that the instance where Defendant Raymond removed S.A.F.E.'s signs from city-owned rights-of-way occurred prior to anyone challenging the constitutionality of the City's sign code. Later, once Plaintiffs' lawyers raised constitutional objections to Selah's sign code, all Defendants ceased removing S.A.F.E.'s signs from city-owned rights-of-way until after the 2020 campaign season ended and the City formally notified Plaintiffs' lawyers that the City would not seek to enforce the sign code against S.A.F.E.'s signs during the 2020 campaign season and would amend its sign code in early 2021.  It was only after the 2020 campaign season ended and S.A.F.E. signs continued to be placed in city-owned rights-of-way that any Defendant(s) began again removing S.A.F.E.'s signs and all of those recently-removed signs have either been returned to Plaintiffs or are being held for Plaintiffs to come and pick up.

49.     With regard to the allegations within paragraph 49 of the Complaint, Defendants deny Plaintiffs' characterization of Defendant Wayman and Defendant Raymond's remarks at City Council meetings.

50.     Defendants deny the allegations within the first sentence of paragraph 50 of the Complaint.  With regard to the allegations within the remaining sentences of said paragraph, Defendants deny Plaintiffs' characterization of remarks by

ANSWER AND AFFIRMATIVE DEFENSES - 31

Defendant Wayman and allege that his remarks about signs were in the context of Defendants' good-faith belief about the constitutionality of the City's sign code. Answering further, Defendants allege that in all instances Defendant Wayman was acting based on legal advice including but not limited to advice from the City's prosecuting attorney. Prior to anyone challenging the constitutionality of the City's sign code, the City's prosecuting attorney issued an explanatory memorandum saying that signs that were improperly placed in city-owned rights-of-way, including but not limited to S.A.F.E.'s signs, were the legal equivalent of litter.

51. Defendants deny the allegations within paragraph 51 of the Complaint.

52. With regard to the allegations within paragraph 52 of the Complaint, Defendants admit that prior to anyone challenging the constitutionality of the City's sign code, the City asserted that the placement of S.A.F.E.'s signs within city-owned rights-of-way during the 2020 campaign season violated the written text of Selah Municipal Code Chapter 10.38. Answering further, however, prior to this lawsuit being filed, the City notified S.A.F.E.'s attorneys that the City would not seek to impose any penalty against anyone for the past or continued placement of S.A.F.E. signs on city-owned rights-of-way and that Selah would likely amend its sign code in early 2021. Nevertheless, Plaintiffs filed this lawsuit.

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Finally, Defendants deny any liability or wrongdoing.

53.     With regard to the allegations within paragraph 53 of the Complaint, Defendants deny Plaintiffs' characterization of Selah Municipal Code Chapter 10.38 and allege that such Chapter effectively speaks for itself.

54.     Defendants admit the allegations within paragraph 54 of the Complaint.

55.     With regard to the allegations within paragraph 55 of the Complaint, Defendants deny Plaintiffs' characterization of Selah Municipal Code Chapter 10.38 and allege that such Chapter effectively speaks for itself.

56.     With regard to the allegations within paragraph 56 of the Complaint, Defendants deny Plaintiffs' characterization of Selah Municipal Code Chapter 10.38 and allege that such Chapter effectively speaks for itself.

57.     With regard to the allegations within paragraph 57 of the Complaint, the Defendants deny the Plaintiffs' characterization of Selah Municipal Code Chapter 10.38 and allege that such Chapter effectively speaks for itself.

58.     Defendants deny the allegations within paragraph 58 of the Complaint.

59.     Defendants admit the allegations within paragraph 59 of the Complaint.

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

60.    Defendants admit the allegations within paragraph 60 of the Complaint.

61.    Defendants admit the allegations within paragraph 61 of the Complaint.

62.    Defendants admit the allegations within paragraph 62 of the Complaint.

63.    Defendants deny the allegations within the first sentence of paragraph 63 of the Complaint.  By contrast, Defendants admit the allegations within the remaining sentences of said paragraph.

64.    Defendants deny the allegations within the first sentence of paragraph 64 of the Complaint.  With regard to the allegations within the second/final sentence of said paragraph, Defendants admit that they have not offered to pay compensation to Plaintiff Whitlock.  Defendants deny they have ever possessed the 63 signs that Plaintiff Whitlock claims went missing, deny that they have any liability due to such signs supposedly going missing, and deny that any Plaintiff ever asked for compensation prior to filing this lawsuit.

65.    Defendants deny the allegations within paragraph 65 of the Complaint.

66.    With regard to the allegations within paragraph 66 of the Complaint, Defendants deny Plaintiffs' characterization of the remarks by Council-member

ANSWER AND AFFIRMATIVE DEFENSES - 34

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Suzanne Vargas and allege that such remarks effectively speak for themselves. Answering further, Defendants allege that just because Council-member Vargas may have expressed an opinion does not mean her opinion has any factual accuracy or legal significance. Defendants further allege that Council-member Vargas' opinions must be viewed in the context of her willingness to repeatedly meet with members of S.A.F.E. and her refusal to ever meet with Defendant Wayman or ever return any of his telephone messages, which suggest that she is a political ally of S.A.F.E. and/or that she bears a personal animus against Defendant Wayman.

67.    With regard to the allegations within paragraph 67 of the Complaint, Defendants deny Plaintiffs' characterization of the remarks by Council-member Russell Carlson and allege that such remarks effectively speak for themselves. Answering further, Defendants allege that just because Council-member Carlson may have expressed an opinion does not mean his opinion has any factual accuracy or any legal significance. Defendants further allege that Council-member Carlson's opinion(s) must be viewed in context of his willingness to repeatedly meet with members of S.A.F.E. and his repeated efforts, including before SA.F.E. came into existence, to get Defendant Wayman fired from his position.

68.    Defendants deny the allegations within the first sentence of paragraph 68 of the Complaint. With regard to the allegations within the remaining sentences

ANSWER AND AFFIRMATIVE DEFENSES - 35

of said paragraph, Defendants deny Plaintiffs' characterization of the remarks by Defendant Raymond and allege that such remarks effectively speak for themselves.

69.    Defendants admit the allegations within the first sentence of paragraph 69 of the Complaint.  With regard to the allegations within the remaining sentences of said paragraph, Defendants deny Plaintiffs' characterization of the remarks by Defendant Wayman and allege that such remarks effectively speak for themselves.

70.    Defendants deny the allegations within paragraph 70 of the Complaint.

71.    With regard to the allegations within paragraph 71 of the Complaint, Defendants admit that Defendant Raymond has met with professed members of S.A.F.E. on two occasions.  However, Defendants allege that S.A.F.E. is an unincorporated association that has never provided Defendants with a list of its purported members and that certain professed members of S.A.F.E. have made conflicting statements as to who exactly is and is not a member of S.A.F.E. Finally, Defendants deny the remaining allegations within said paragraph.

72.    With regard to the allegations within paragraph 72 of the Complaint, Defendants deny Plaintiffs' characterization of such letter from Plaintiffs' lawyers and allege that it effectively speaks for itself.  Answering further, Defendants

ANSWER AND AFFIRMATIVE DEFENSES - 36

allege that just because such letter expressed certain opinions does not mean such opinions have any factual accuracy or legal significance.  Moreover, such letter repeatedly focused on irrelevant issues, sought to confuse the issues, and was largely a political statement/effort.  Finally, Plaintiffs ignore the responsive letters that were issued by the City's attorney and also in-person and telephonic discussions that occurred between the City's attorney and Plaintiffs' lawyers.

73.     Defendants deny the allegations within paragraph 73 of the Complaint.  Answering further, Defendants allege they engaged in discussions with Plaintiffs' lawyers including via the exchange of letters between the City's attorney and said lawyers and also via in-person and telephonic discussions.

74.     With regard to the allegations within paragraph 74 of the Complaint, Defendants deny Plaintiffs' characterization of such letter from Plaintiffs' lawyers and allege that it effectively speaks for itself.  Answering further, Defendants allege that just because such letter expressed certain opinions does not that such opinions had any factual accuracy or legal significance.  Moreover, said letter repeatedly focused on irrelevant issues, sought to confuse the issues, and was largely a political statement/effort.  Finally, Plaintiffs ignore responsive letters that were issued by the City's attorney and also in-person and telephonic discussions that occurred between the City's attorney and Plaintiffs' lawyers.

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

75.     With regard to the allegations within paragraph 75 of the Complaint, Defendants deny Plaintiffs' characterization of such letter from Plaintiffs' lawyers and allege that it effectively speaks for itself.

76.     With regard to the allegations within paragraph 76 of the Complaint, Defendants deny Plaintiffs' characterization of such letter from Plaintiffs' lawyers and allege that it effectively speaks for itself.

77.     With regard to the allegations within paragraph 77 of the Complaint, Defendants deny Plaintiffs' characterization of such letter from Plaintiffs' lawyers and allege that it effectively speaks for itself.

78.     With regard to the allegations within paragraph 78 of the Complaint, Defendants deny Plaintiffs' characterization of such letter from Plaintiffs' lawyers and allege that it effectively speaks for itself.  Answering further, Defendants allege that such letter did not ask Defendants to "provide compensation" to Plaintiffs.

79.     With regard to the allegations within paragraph 79 of the Complaint, Defendants deny Plaintiffs' characterization of such letter from Plaintiffs' lawyers and allege that it effectively speaks for itself.  Answering further, Defendants deny that the cited MRSC bulletin is valid proof of anything legally relevant in this case.

80.     With regard to the allegations within paragraph 80 of the Complaint, Defendants admit that the City's attorney directed City personnel to cease

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

removing S.A.F.E.'s signs for the remainder of the 2020 campaign season. Answering further, Defendants allege that Defendant Wayman also gave a similar direction to City personnel. Finally, Defendants deny that they had any legal duty to meet S.A.F.E.'s demands.

81.    Defendants admit the allegations within the first sentence of paragraph 81 of the Complaint.    Answering further, Defendants deny that Defendant Raymond was obligated to issue any sort of notice to Selah residents simply because Plaintiffs' lawyers demanded such.  With regard to the allegations within the second and third sentences of said paragraph, Defendants deny Plaintiffs' characterization of such remarks by the City's attorney and allege that such remarks effectively speak for themselves.  Answering further, Defendants allege that the City's attorney expressly said, to the public, that the City was not encouraging anyone to remove any signs and that the word "encourage" (or its derivative) was used because that is the word (or a derivative of it) that had been used in the letter from Plaintiffs' lawyers.  Finally, Defendants deny the allegations within the fourth/final sentence of said paragraph, deny that when a private citizen removes a S.A.F.E. sign from city-owned rights-of-way that such action constitutes "stealing", and deny that any Defendant has ever encouraged any private citizen to remove S.A.F.E.'s signs.

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

82.    With regard to the allegations within the first sentence of paragraph 82 of the Complaint, Defendants deny that any private citizen has ever removed signs at the City's behest (*i.e.*, the alleged "behavior").  Defendants presently lack sufficient information to assess the relative truth or falsity of the allegations within the second/final sentence of said paragraph.  Accordingly, Defendants deny all allegations within such sentence.

83.    With regard to the allegations within paragraph 83 of the Complaint, Defendants admit that the City has not yet revised its sign code.  However, Defendants deny that the City has not indicated it plans to revise its sign code.  Answering further, Defendants allege that the City's attorney sent a letter to Plaintiffs' lawyers, prior to this lawsuit being filed, indicating that the City planned on amending its sign code in early 2021 and also saying that the City would not seek to impose any penalty against anyone for violating the existing text of the City's sign code.  Plaintiffs and their lawyers refused to wait and instead filed this lawsuit.

84.    With regard to the allegations within paragraph 84 of the Complaint, Defendants admit that they have not paid compensation to S.A.F.E.  However, Defendants deny that S.A.F.E. ever asked for any compensation prior to filing this lawsuit, deny that the Defendants have failed to provide an accounting of the approximately 15 signs that the Defendants disposed of, deny that S.A.F.E. has

ANSWER AND AFFIRMATIVE DEFENSES - 40

suffered any harm or has legal standing to sue, deny that 275 signs were disposed of by the City, and deny that the value of S.A.F.E's signs is $3,199.10.

85.    Defendants deny the allegations within paragraph 85 of the Complaint.

86.    Paragraph 86 of the Complaint does not advance any new factual allegations. It merely incorporates by reference the allegations from paragraphs 1 through 85 of the Complaint. Thus, Defendants likewise incorporate the substance of their answers set forth in paragraphs 1 through 85 of this pleading as if those paragraphs were fully repeated within this paragraph 86.

87.    Defendants deny the allegations within paragraph 87 of the Complaint.

88.    With regard to the allegations within paragraph 88 of the Complaint, Defendants admit that certain aspects of the existing text of Chapter 10.38 of the Selah Municipal Code constitutes an unconstitutional content-based restriction on the placement of signs. Answering further, that is why the City is planning to amend its sign code in early 2021. When the City does amend its sign code, that will moot several aspects of this lawsuit. Finally, Defendants deny that they have "enforced" any unconstitutional aspect of the City's sign code against any Plaintiff since the date that the Plaintiffs' lawyers first raised constitutional challenges to certain aspects of such code.

ANSWER AND AFFIRMATIVE DEFENSES - 41

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

89.     With regard to the allegations within paragraph 89 of the Complaint, Defendants deny Plaintiffs' characterization of the City's sign code and allege that such code effectively speaks for itself.

90.     With regard to the allegations within paragraph 90 of the Complaint, Defendants deny Plaintiffs' characterization of the City's sign code and allege that such code effectively speaks for itself.

91.     Defendants admit the allegations within paragraph 91 of the Complaint.

92.     Defendants admit the allegations within paragraph 92 of the Complaint.

93.     Defendants admit the allegations within the first and second sentences of paragraph 93 of the Complaint.  By contrast, however, Defendants deny the allegations within the third/final sentence of said paragraph.

94.     Defendants deny the allegations within paragraph 94 of the Complaint.  Answering further, Defendants allege that such allegations have no relevance to this case.

95.     With regard to the allegations within paragraph 95 of the Complaint, Defendants admit that the initial reason why City personnel removed S.A.F.E.'s from city-owned rights-of-way was because signs violated the written text of Selah's sign code.  By contrast, however, Defendants deny that any Defendant has

ANSWER AND AFFIRMATIVE DEFENSES - 42

suppressed Plaintiffs' speech, deny that any Defendant has acted in deliberate indifference to any Plaintiff's rights, and deny that all aspects of the City's sign code are unconstitutional.

96.     With regard to the allegations within paragraph 96 of the Complaint, Defendants admit that the City is responsible for its officers' and employee's actions. By contrast, however, Defendants deny that any Plaintiff's rights have been violated.

97.     Defendants deny the allegations within paragraph 97 of the Complaint.

98.     Defendants deny the allegations within paragraph 98 of the Complaint.  Answering further, Defendants allege that the City is planning to amend its sign code in early 2021.  When the City does amend its sign code, that will moot several aspects of this lawsuit.

99.     Defendants deny the allegations within paragraph 99 of the Complaint.  Answering further, Defendants allege that many aspects of the City's sign code are fully constitutional.

100.     Defendants deny the allegations within paragraph 100 of the Complaint.

101.     Paragraph 101 of the Complaint does not advance any new factual allegations.  It merely incorporates by reference the allegations from paragraphs 1

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

through 100 of the Complaint.    Thus, Defendants likewise incorporate the substance of their answers set forth in paragraphs 1 through 100 of this pleading as if those paragraphs were fully repeated within this paragraph 101.

102.    Defendants deny the allegations within paragraph 102 of the Complaint.

103.    Defendants deny the allegations within paragraph 103 of the Complaint.

104.    Defendants deny the allegations within paragraph 104 of the Complaint.

105.    Defendants deny the allegations within paragraph 105 of the Complaint.

106.    Defendants deny the allegations within paragraph 106 of the Complaint.

107.    Defendants deny the allegations within paragraph 107 of the Complaint.

108.    Defendants deny the allegations within paragraph 108 of the Complaint.

109.    Paragraph 109 of the Complaint does not advance any new factual allegations.  It merely incorporates by reference the allegations from paragraphs 1 through 108 of the Complaint.    Thus, Defendants likewise incorporate the

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

substance of their answers set forth in paragraphs 1 through 108 of this pleading as if those paragraphs were fully repeated within this paragraph 109.

110.   Defendants deny the broad allegation within paragraph 110 of the Complaint as phrased.

111.   Defendants deny the broad allegation within paragraph 111 of the Complaint as phrased.

112.   Defendants deny the allegations within paragraph 112 of the Complaint.

113.   Defendants deny the allegations within paragraph 113 of the Complaint.

114.   With regard to the allegations within paragraph 114 of the Complaint, Defendants presently lack sufficient information to assess the relative truth or falsity of the allegations regard what the Plaintiffs "desire".   Accordingly, Defendants deny all of those allegations.  Finally, Defendants deny all allegations within the remaining sentences of said paragraph including but not limited to the embedded allegation that the City has retaliated, or would retaliate, against any Plaintiff.

115.   Defendants deny the allegations within paragraph 115 of the Complaint.

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

116. Defendants deny the allegations within paragraph 116 of the Complaint.

117. Paragraph 117 of the Complaint does not advance any new factual allegations. It merely incorporates by reference the allegations from paragraphs 1 through 116 of the Complaint. Thus, Defendants likewise incorporate the substance of their answers set forth in paragraphs 1 through 116 of this pleading as if those paragraphs were fully repeated within this paragraph 117.

118. Defendants deny as phrased the broad allegation within paragraph 118 of the Complaint.

119. With regard to the allegations within paragraph 119 of the Complaint, Defendants deny Plaintiffs' characterization of Selah Municipal Code section 10.38.040 code and allege that such code section effectively speaks for itself.

120. With regard to the allegations within paragraph 119 of the Complaint, Defendants deny Plaintiffs' characterization of Selah Municipal Code section 10.38.050 and allege that such code section effectively speaks for itself.

121. With regard to the allegations within paragraph 120 of the Complaint, Defendants deny Plaintiffs' characterization of Selah Municipal Code sections 10.38.030 and 10.38.050 and allege that such code sections effectively speak for themselves.

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

122.   With regard to the allegations within paragraph 122 of the Complaint, Defendants deny Plaintiffs' characterization of Selah Municipal Code section 10.38.050 and allege that such code section effectively speaks for itself.

123.   Defendants deny the allegations within paragraph 123 of the Complaint on the ground that the allegations are broad legal conclusions/assertions.  Nevertheless, Defendants deny that Selah's city-owned rights-of-way are "traditional public forums" for the placement of non-political signs outside of campaign season.

124.   Defendants deny the allegation within paragraph 124 of the Complaint on the ground that the broad allegation is a bare legal conclusion/assertion.  Accordingly, it is neither admitted nor denied.

125.   The allegation in paragraph 125 of Plaintiffs' Complaint is a bare legal conclusion/assertion.   Accordingly, it is neither admitted nor denied. Answering further, Defendants allege that "speech of private citizens on private property" has no relevance to this case.

126.   The allegation in paragraph 126 of Plaintiffs' Complaint is a bare legal conclusion/assertion and it is neither admitted nor denied.  Nevertheless, Defendants admit that case law precedents have declared the type of durational limits contained within Selah's sign code to be unconstitutional.  However, Defendants deny the allegation "[a]mong other things" on the basis that it is vague

ANSWER AND AFFIRMATIVE DEFENSES - 47

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

1    and has no relevance to this case.

2        127.    The allegations within paragraph 127 of the Complaint are bare legal
3
4    conclusions/assertions.  Accordingly, they are neither admitted nor denied.

5        128.    Defendants deny the allegations within paragraph 128 of the
6
7    Complaint as they are phrased.  Answering further, Defendants admit that certain
8
9    aspects of the City's sign code are unconstitutional.  However, Defendants deny
10    that the entirely of the City's sign code is unconstitutional, allege that the City
11
12    plans to amend its sign code in early 2021, and allege that amendment of the City's
13    sign code will moot several aspects of this case.

14        129.    Paragraph 129 of the Complaint does not advance any new factual
15
16    allegations.  It merely incorporates by reference the allegations from paragraphs 1
17
18    through 128 of the Complaint.    Thus, Defendants likewise incorporate the
19    substance of their answers set forth in paragraphs 1 through 128 of this pleading
20
21    as if those paragraphs were fully repeated within this paragraph 129.

22        130.    Defendants admit the allegations within paragraph 130 of the
23
24    Complaint.

25        131.    Defendants deny the allegations within paragraph 131 of the
26
27    Complaint.

28        132.    Defendants deny the allegations within paragraph 132 of the
29
30    Complaint.

ANSWER AND AFFIRMATIVE DEFENSES - 48

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

133.   Defendants deny the allegations within paragraph 133 of the Complaint.

134.   Defendants deny the allegations within paragraph 134 of the Complaint.

135.   Defendants deny the allegations within paragraph 135 of the Complaint.

136.   Via the preceding paragraphs 1 through 135, Defendants have intended to specifically respond to each and every allegation of the Complaint.  If one or more allegations were mistakenly not responded to via those paragraphs, Defendants hereby deny each and every heretofore-unresponded-to allegation.

137.   To the extent necessary or advantageous, Defendants deny all aspects of the Plaintiffs' "Prayer for Relief".

AFFIRMATIVE DEFENSES

For further answer to Plaintiffs' Complaint and as affirmative defenses thereto, Defendants allege as follows:

FIRST AFFIRMATIVE DEFENSE

That one or more Plaintiffs, including but not limited to the unincorporated association of S.A.F.E., lack legal standing to pursue any claim for relief in this case.

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

SECOND AFFIRMATIVE DEFENSE

That there is no civil cause of action for violation of the Washington State Constitution.  Accordingly, Plaintiffs' claims based on alleged violations of the Washington State Constitution fail to state a claim upon which relief can be granted.

THIRD AFFIRMATIVE DEFENSE

That there is no legal basis for Plaintiffs' claim of punitive damages against Defendants.  Accordingly, Plaintiffs' punitive damages claim fails to state a claim upon which relief can be granted.

FOURTH AFFIRMATIVE DEFENSE

That Plaintiffs' claims against Defendants Raymond and Wayman are duplicative of Plaintiffs' claims against the City of Selah.  Accordingly, Defendants Raymond and Wayman should be dismissed.

FIFTH AFFIRMATIVE DEFENSE

That Plaintiffs' claim for declaratory relief will be moot and that declaratory relief is nevertheless improper because Plaintiffs have an adequate remedy at law.

SIXTH AFFIRMATIVE DEFENSE

That the injunctive relief requested by Plaintiffs is improper because Plaintiffs have an adequate remedy at law and because no Plaintiff has

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

demonstrated the likelihood of substantial and immediate irreparable injury in the future.

WHEREFORE, having fully answered Plaintiffs' Complaint herein, Defendants pray that the same be dismissed with prejudice, that Plaintiffs take nothing thereby, and that Defendants be awarded their costs and disbursements herein, including attorneys' fees pursuant to statute.

DATED this 22nd day of January, 2021.

By: /s/_____
CHRISTOPHER J. KERLEY, WSBA #16489
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
Telephone (509) 455-5200
Fax (509) 455-3632
ckerley@ecl-law.com
*Among Attorneys for Defendants*

By: /s/_____.
D. R. (ROB) CASE, WSBA #34313
Larson Berg & Perkins PLLC
105 North Third Street
Yakima, WA 98901
Telephone (509) 457-1515
Fax (509) 457-1027
Rob@LBPlaw.com
*Among Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System which will effectuate service of a copy of such filing to the following counsel/parties of record:

| *Attorneys for Plaintiffs* | *Email Addresses:* |
|---|---|
| PERKINS COIE LLP | |
| 1201 Third Avenue, Suite 4900 | |
| Seattle, WA  98101-3099 | |
| Telephone:  206.359.8000 | |
| Facsimile:  206.359.9000 | |

| | |
|---|---|
| Carolyn Gilbert, WSBA No. 51285 | JCutler@perkinscoie.com |
| Joseph P. Cutler, WSBA No. 37234 | CarolynGilbert@perkinscoie.com |
| Reina Almon-Griffin, WSBA No. 54651 | RAlmon-Griffin@perkinscoie.com |
| Jane E. Carmody, WSBA No. 55409 | JCarmody@perkinscoie.com |
| Jacob Stillwell, WSBA No. 48407 | JStillwell@perkinscoie.com |

*Co-Counsel and Attorneys for Plaintiffs*
American Civil Liberties Union
Washington Foundation
P.O. Box 2728
Seattle, WA  98111
Telephone:  206.624.2181

| | |
|---|---|
| Antoinette M. Davis, WSBA No. 29281 | Talner@aclu-wa.org |
| Nancy Talner, WSBA No. 11196 | tdavis@aclu-wa.org |
| Crystal Pardue, WSBA No. 54371 | cpardue@aclu-wa.org |

DATED this 22nd day of January, 2021.

EVANS CRAVEN & LACKIE, P.S.

By _____ s/ Christopher J. Kerley _____
CHRISTOPHER J. KERLEY, WSBA #16489

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632