FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 19, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SELAH ALLIANCE FOR EQUALITY; COURTNEY HERNANDEZ; REV. DONALD DAVIS, JR; LAURA PEREZ; ANITA CALLAHAN; KALAH JAMES; CHARLOTTE TOWN; AMANDA WATSON; and ANNA WHITLOCK<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SELAH; SHERRY RAYMOND, in her capacity as Mayor of the City of Selah; and DONALD WAYMAN, in his official capacity as City Administrator for the City of Selah,<br><br>Defendants. | NO: 1:20-CV-3228-RMP<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINE AND AMENDED JURY TRIAL SCHEDULING ORDER |

BEFORE THE COURT is Plaintiffs' Unopposed Motion to Extend Discovery Deadline, ECF No. 67. Having reviewed the motion, the record, and being fully informed, the Court finds good cause to grant Plaintiffs' request.

ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINE AND AMENDED JURY TRIAL SCHEDULING ORDER ~ 1

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Unopposed Motion to Extend Discovery Deadlines by 90 days, **ECF No. 67**, is **GRANTED**.

2. *Court Dates*

    (a) The current **jury** trial date of February 14, 2022, is **STRICKEN** and **RESET** to **May 9, 2022**, at **9:00 a.m.** in **Yakima,** Washington. Counsel estimates a trial length of **ten days**.

    (b) The current pretrial conference date of February 1, 2022, is **STRICKEN** and **RESET** to **April 26, 2022**, at **1:30 p.m. by video conference**.

3. *Protocol for Video Hearings*

In the event that a matter is heard by video conference, the parties will be provided connection instructions from the Court via email prior to the hearing, and the parties shall abide by the following:

    (a) In advance of participating in a hearing by video conference, all personal equipment, software, and the internet connection should be tested to ensure that a case participant's means of connecting to the hearing is fully operational.

    (b) Participants shall contact the courtroom deputy to confirm who will be participating in the hearing, and who, specifically, will be presenting on behalf of their client. Anyone who is not on the courtroom deputy's list will

ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINE AND AMENDED JURY TRIAL SCHEDULING ORDER ~ 2

not be allowed to join the hearing. In addition, any participants who are not presenting will not be allowed to be visible on video.

(c) Participants *shall not* invite the public to participate in the hearing. Non-parties may listen to hearings by calling the Court's public conference line at 888.363.4749 and entering access code 4939688# five minutes before the hearing begins (no security code is needed).

(d) Hearing participants shall mute themselves when not speaking.

(e) **No recording or rebroadcasting is permitted for any hearing.**

**4.** *Motion Practice*

(a) All parties shall adhere to LCivR 7.

(b) Motions to Expedite, if any, shall be filed separately and noted for hearing at least seven (7) days from the date of filing, pursuant to LCivR 7(i)(2)(C). If the matter needs to be heard on a more immediate basis, the party filing the motion shall advise chambers of such.

(c) All motions will be heard without oral argument unless oral argument is requested and approved by the Court. If oral argument is desired, the parties must contact the courtroom deputy to acquire a hearing date, s*ee* LCivR 7(i)(3)(B), and must advise the courtroom deputy why oral argument would be appropriate.

ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINE AND AMENDED JURY TRIAL SCHEDULING ORDER ~ 3

(d) All motion hearings in which oral argument has been approved shall be set for in-person appearance; however, the parties may request to appear by video conference.

(e) Notwithstanding the foregoing procedure, the Court may decide that oral argument is not warranted and proceed to determine any motion without oral argument. *See* LCivR 7(i)(3)(B)(iii).

5. *Expert Disclosures*

The parties shall exchange the materials identified in Fed. R. Civ. P. 26(a)(2)(B) in accordance with the following schedule **but shall not file these materials with the Court**.

(a) The deadline for each party to identify its experts and serve written reports as required by Rule 26(a)(2) on all other parties was June 10, 2021, under the previous Jury Trial Scheduling Order, ECF No. 24.

(b) Each party shall identify its rebuttal experts and serve written reports as required by Rule 26(a)(2) on all other parties by **October 22, 2021**.

(c) The parties may modify the deadline for exchange of expert disclosures by joint stipulation filed with the Court; **a motion is not required**.

6. *Discovery*

(a) All discovery shall be completed by **November 25, 2021**.

(b) The parties shall file no discovery except as necessary to support motions.

ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINE AND AMENDED JURY TRIAL SCHEDULING ORDER ~ 4

(c) The parties are expected to resolve discovery issues according to the Federal Rules of Civil Procedure and the Rules of Professional Conduct. However, if there is a genuine issue that cannot be resolved by the parties without Court intervention, the parties may call the courtroom deputy and request a video discovery conference with the Court. Once a status conference has been set, the parties shall email a succinct, one-to-two paragraph summary of the issue to the courtroom deputy and to each other.

7.    ***Dispositive Motions and Motions to Exclude Expert Testimony***

(a) All dispositive motions and motions challenging the admissibility of expert opinion testimony on the basis of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), shall be filed and served by **December 16, 2021**.

(b) Briefing for *Daubert* motions shall follow this district's timeline for non-dispositive motions. *See* LCivR 7(c)(2), (d)(2).

(c) As with all motions filed in this case, dispositive motions and *Daubert* motions shall comply with the page limits set forth in LCivR 7(f).

(d) If the party challenging expert testimony anticipates that an evidentiary hearing is required, the party shall so advise the Court and opposing counsel in conjunction with the filing of its *Daubert* motions by filing a separate Notice of Request for Evidentiary Hearing, describing the

nature of the evidence to be presented and providing an estimate of the amount of time required for the hearing.

(e)  The party seeking to exclude the testimony of an expert shall attach a copy of the Rule 26(a)(2) report produced by said expert to the *Daubert* motion.

**8.    *Settlement Status***

(a)  By **January 7, 2022**, the parties shall file a Settlement Status Certificate stating whether they would be in agreement to schedule mediation with one of the court's senior judges or full-time magistrate judges.

(b)  If the parties fail to file a Settlement Certificate by the date given, the parties shall appear before the Court for a video status conference on **January 14, 2022**, at **9:30 a.m.** to discuss the prospect of a settlement conference.  This hearing shall take place only if the parties fail to file the Settlement Certificate, in which case the parties will be provided with separate connection instructions via email from the Court.

**9.    *Exhibit and Witness Lists***

(a)  Exhibit lists and witness lists shall be separately filed and served and exhibits made available for inspection (or copies provided), by **March 10, 2022**.

(b)  The witness list shall include identification of each witness's testimony.  Pretrial disclosure of the identity of all persons shall conform to

ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINE AND AMENDED JURY TRIAL SCHEDULING ORDER ~ 6

the requirements of Fed. R. Civ. P. 26(a)(1) (persons with relevant knowledge) and 26(a)(3) (witnesses).

(c) For any expert witness included on the witness list, the proffering party shall e-mail the Rule 26(a)(2) report to the Court at petersonorders@waed.uscourts.gov.

(d) Objections to the opposing party's witness and exhibit lists and any accompanying briefs shall be separately filed and served by **March 17, 2022**. Failure to comply with this paragraph could be deemed to constitute a waiver of all objections. Do not submit blanket or boilerplate objections to the opposing party's exhibits; these will be disregarded and overruled.

(e) All exhibits to which there is no objection shall be deemed admitted, subject to any objections at trial that could not be raised in advance.

(f) Responses, if any, to objections to witnesses and exhibits shall be separately filed and served by **March 24, 2022**.

(g) By **March 24, 2022**, the parties shall prepare and file a joint pretrial exhibit stipulation that contains each party's numbered list of all trial exhibits with the opposing party's objections to each exhibit, including the basis of the objection and the offering party's brief response. The pretrial exhibit stipulation shall be substantially in the following form:

**Pretrial Exhibit Stipulation**

**Plaintiffs'/Defendant's Exhibits**

| Exhibit No. | Description | If Objection, State Grounds | Response to Objection |
| --- | --- | --- | --- |

(h)  Copies of exhibits to which there are objections shall be provided to the Court, on a flash drive or disk, by **March 24, 2022**.

(i)  Objections to exhibits and witnesses shall be heard at the pretrial conference.

(j)  Where feasible, all exhibits identified in depositions shall be pre-marked with the exhibit numbers that will be used at trial.  Plaintiffs' trial exhibits are to be numbered 1 through 199; Defendant's exhibits are to be numbered 200 and following.

(k)  The Court utilizes JERS (Jury Evidence Recording System) to allow evidence admitted for a trial to be viewed electronically via touchscreen monitor in the jury deliberation room upon the conclusion of the trial.  Please note that the jury will receive a verbatim copy of the JERS exhibit list.  Please carefully review and follow the instructions provided.

[JERS Instruction Sheet for Attorneys](#)

10. *Designation of Testimony*

(a) Designation of substantive, as opposed to impeachment, deposition testimony shall be by highlighting and shall be served upon opposing counsel, but *not* filed, by **March 10, 2022**.

(b) Cross-designations by highlighting in a different color shall be served, but *not* filed, by **March 17, 2022**.

(c) Objections to any designated deposition testimony shall be filed and served by **March 24, 2022**, and shall be heard and resolved at the pretrial conference.

(d) Copies of designations to which there are objections shall be provided to the by Court, on a flash drive or disk, by **March 24, 2022**.

11. *Motions in Limine*

(a) All unresolved substantive or evidentiary issues that may foreseeably arise during trial shall be addressed by Motions in Limine to be filed and served by **March 25, 2022**.

(b) Responses shall be filed and served by **April 1, 2022**.

(c) Replies shall be filed and served by **April 8, 2022**.

(d) The parties shall note Motions in Limine for hearing at the pretrial conference.

ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINE AND AMENDED JURY TRIAL SCHEDULING ORDER ~ 9

12.  *Pretrial Order*

(a)  A joint Pretrial Order, prepared in accordance with the format provided in LCivR 16(e) shall be filed by **April 14, 2022**, and a copy e-mailed in Word format to the Court at petersonorders@waed.uscourts.gov. The Court will *not* accept individually filed pretrial orders.

(b)  Any facts that are agreed upon by the parties and require no proof must be submitted to the Court prior to trial as written stipulations.

(c)  The list of exhibits contained in the joint Pretrial Order shall reflect the exhibit marking scheme described above in paragraph 10(j).

(d)  In preparing the joint Pretrial Order, the parties shall confer regarding duplicate exhibits and determine which party will submit such exhibits for trial.

13.  *Trial Briefs and Proposed Voir Dire* shall be filed by **April 14, 2022**.

14.  *Jury Instructions*

No later than **April 14, 2022**, the parties shall:

(a)  Confer regarding jury instructions and file jointly proposed jury instructions and a table of proposed jury instructions for the Court's consideration.

(b)  The jointly proposed jury instructions should address only issues that are unique to this case and shall include instructions regarding the

elements of each count, any necessary definitions, and a proposed verdict form.

(c) All instructions shall be short, concise, understandable, and neutral statements of the law. Argumentative instructions shall not be submitted or given.

(d) The parties shall electronically provide the Court with a table of proposed, cited Jury Instructions. The jury instruction table shall be substantially in the following form:

| Proposed by: | Instruction # | 9th Cir. Cite | Objection | Response to Objection |
|---|---|---|---|---|

    (i) This table shall include:

        (a) The instructions on which the parties agree;

        (b) The instructions that are disputed; and

        (c) The basis of any objection.

(e) In addition to the jury instruction table, each party shall address any objections they have to instructions proposed by any other party in a memorandum which identifies the specific portion of any proposed instruction to which they object and shall concisely state the basis for the objection.

(f) If any proposed instruction is a modified version of model instructions, the parties shall identify the modification and legal authority for the modification.

ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINE AND AMENDED JURY TRIAL SCHEDULING ORDER ~ 11

(g)  Objections asserting that an instruction sets forth an incorrect or inappropriate statement of law shall cite specific legal authority supporting the objection.

(h)  Failure to file an objection and supporting memorandum may be construed as consent to the adoption of an instruction proposed by another party.

15.  The Court requires that the following be submitted to the courtroom deputy clerk no later than **May 2, 2022**.

(a)  The original binder of exhibits together with three discs or flash drives containing copies of the same.  Exhibits for presentation at trial shall be placed in a tabbed binder indexed by exhibit number with exhibit tags placed consistently on the bottom right corner of each exhibit.

(b)  One copy of a final joint exhibit list.    [Joint Exhibit List Form](#)

(c)  One copy of witness lists in the order in which the witnesses are expected to be called to testify.

(d)  Final copy of video depositions that have been edited pursuant to the Court's rulings on objections.

16.  Pursuant to Fed. R. Civ. P. 16, this schedule shall not be modified unless the Court finds good cause to grant leave for modifications.  Fed. R. Civ. P. 16(f) provides for sanctions for failure to obey the Scheduling Order.

ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINE AND AMENDED JURY TRIAL SCHEDULING ORDER ~ 12

**IT IS SO ORDERED**.  The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** July 19, 2021.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge
