Jack W. Fiander, Attorney
Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
5808A Summitview Avenue #93
Yakima, WA 98908
(509) 969-4436 or (509) 961-0096
towtnuklaw@msn.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

**SELAH ALLIANCE FOR EQUALITY**,

                    Plaintiff,

v.

**CITY OF SELAH, et. al,**

                    Defendants.

Court No. 1:20-cv-03228-RMP

**NOTICE OF OBJECTION TO SETTLEMENT**

COMES NOW, the undersigned on his own behalf and on behalf of the descendants of Owhi and object to any presumption by the parties to this cause that they may simply agree to rename a park owned by the defendants to Chief Owhi Park or otherwise appropriate the name Owhi to their use absent approval of the descendants of Owhi and consultation with or concurrence of the Yakama Nation.

In support of this objection, the undersigned declares under penalty of perjury as follows:

1. I have personal knowledge of the following facts and am competent to testify thereto.

Objection to Settlement - 1
1:20-cv-03228-RMP

Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
5808A Summitview Avenue, #93
Yakima, WA 98908
(509) 969-4436
towtnuklaw@msn.com

2. I am a descendant of Owhi, who was the brother in law of Kamiakin, he having been married to the sister of Kamiakin. There are many of us. Owhi was a signatory to the Yakama Treaty of 1855.

3. I was raised by my parents and grandparents on the Yakama Nation. They conveyed to me traditional teachings of the Yakama people. My grandmother lived to be 100 and was raised by her grandfather Eneas, who was born in 1834.

4. Among the People now known as Yakama, Tribal names are hereditary property. They are passed on to those chosen by the survivors of Ones Who Walked Before with that name. Only one person at a time may possess such a name. According to the laws passed down by the Creator it is sacrilegious to appropriate another's tribal name.

6. Tribal names are property, the process for the bestowing of that name is of overwhelming importance. One who has no right to such a name has no authority to simply take it and bestow it upon another. That is the natural unwritten law of the Creator of the Yakama people which has been applied since Time Immemorial.

If reference to the unwritten customary laws is not deemed satisfactory authority to the participants in this civil action, the matter was written down by anthropologist Helen H. Schuster in her landmark ethnography of the Yakama people. The bestowing of a tribal name is hosted by the family of the ancestor whose name is being bestowed during a ceremony honoring the name being brought back to life. It is customary to pass on the name only to persons that the family believes is worthy of bearing that name:

> There is symbolic recognition here that the deceased lives on in perpetuation of his name. As long as the name bearer is alive, no other person will be given that particular name.

Objection to Settlement - 2
1:20-cv-03228-RMP

Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
5808A Summitview Avenue, #93
Yakima, WA 98908
(509) 969-4436
towtnuklaw@msn.com

See H.H. Schuster, *Yakama Indian Traditionalism; a Study in Continuity and Change* (1975), p. 447.[1]  Notwithstanding their good intentions at remedying past injustices, the parties to this civil action are unwittingly, and unintentionally, joining the ranks of Cleveland, Atlanta and Kansas City by simply appropriating the name of Owhi without first familiarizing themselves with our tribal laws and seeking concurrence of those who possess the inherited right to determine who, and how, that person's name can be used.  Colonialism often starts with those having good intentions.

There has been a dramatic shift in the past year resulting in widespread disfavor of appropriation of tribal names and symbols by business entities. Witness the recent decisions of the Washington Football Team and the retirement of Chief Wahoo.   In these turbulent times we must all do what we can to show that we care for and respect one another. The true way to honor my People is to follow the process under tribal customary protocols for being allowed to bear the name of an ancestor, not to simply presume that it can be applied to a person, place or thing willy-nilly and without permission of the inheritors of that name and without assurances that the entity upon whom they desire the name to be conferred will bear that name in a respectful, worthy and not unsavory fashion.

The first step would be to determine who the heirs of Owhi are for the purpose of obtaining their consent to the use of his name proposed by the settlement parties.  Then, they must learn, and follow, the ceremonial protocols for the name giving including the distribution of gifts and honoraria.  Additionally, since this case is a legal proceeding, it must be borne in

---

[1] An example of Yakama customary name bestowal can be found at https://www.yakimaherald.com/news/local/traditional-yakama-name-giving-ceremony-especially-precious-during-pandemic/article_0e717bd0-67d1-5f2a-ae2f-358284e1eaab.html

Objection to Settlement - 3
1:20-cv-03228-RMP

Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
5808A Summitview Avenue, #93
Yakima, WA 98908
(509) 969-4436
towtnuklaw@msn.com

mind that Owhi's name first appears in print in the 1855 treaty with the Yakama Nation—meaning that the Yakama Nation's consent must also be sought due to constraints of the Lanham Act, which preserved their rights once the name was first put in a recorded document. There was a lack of tribal consultation before the settlement was made.

In Yakama culture, names are not mere generic items that anyone can claim as public domain, they are inchoate, or incorporeal, property having ownership and usufructuary rights. They may not be transferred like John Smith or Jane Doe. If the litigants truly want to respect the name of Owhi, they must first demonstrate respect for the customary and religious laws of the Yakama people and the descendants of Owhi.

Nye.

DATED this _4th__ day of February, 2022.

Respectfully submitted,

S/Jack W. Fiander

_____
Jack W. Fiander

Certificate of Service

The undersigned certifies the foregoing was filed with the Clerk of Court with copies served upon all counsel of record.

S/Jack W. Fiander

Objection to Settlement - 4
1:20-cv-03228-RMP

Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
5808A Summitview Avenue, #93
Yakima, WA 98908
(509) 969-4436
towtnuklaw@msn.com